UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MAIGHBARRAN SEEMANGAL,

        Petitioner,

    -against-

THOMAS DECKER, Director, ICE N.Y. Field
Office, and CHAD WOLF, Acting Secretary of the
Department of Homeland Security,

        Respondents.
-------------------------------------------------------------- X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED:  4/16/2020               │
└─────────────────────────────────────┘
```

1:20-cv-03057-GHW

<u>ORDER</u>

GREGORY H. WOODS, United States District Judge:

  On April 15, 2020, Petitioner filed a petition for habeas corpus.  Dkt No. 1.  Because the petition asserts only a single "core" habeas claim, it is properly heard only in the petitioner's district of confinement.  *See* Order to Show Cause, *Torres Martinez v. Decker*, No. 19 Civ. 8727 (GHW) (S.D.N.Y. Oct. 2, 2019), Dkt No. 7; *Benitez v. An Unknown Immigration Officer Employed by the Department of Homeland Security*, No. 19 Civ. 3153 (GHW) (S.D.N.Y. May 6, 2019), Dkt No. 3; *see also Arriaga Reyes v. Decker*, No. 20 Civ. 2737 (PAE) (S.D.N.Y. Apr. 2, 2020), Dkt No. 4, at 3 (collecting cases).  Petitioner is currently detained in the Bergen County Jail in New Jersey, Dkt No. 1 ¶ 1, which is located in the judicial district of the United States District Court for the District of New Jersey.  *See* 28 U.S.C. § 110.

  For the reasons set forth in the Court's prior orders in *Torres Martinez* and *Benitez* and in accord with the weight of authority in this District, the Court holds *sua sponte* that it lacks venue over Petitioner's core habeas claim.[1]  The Court therefore transfers this case to the District of New Jersey

---

[1] Under ordinary circumstances, the Court might be inclined to proceed via an order to show cause to allow the parties to stipulate to a transfer of jurisdiction, as the Court did in *Torres Martinez*, or to allow the parties to brief the issue.  However, given the urgent nature of Petitioner's claim, the Court has chosen to proceed expeditiously, so that Petitioner's claims can be decided on the merits as quickly as possible.

forthwith and without delay.

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and to close this case.  In light of the need for urgent judicial attention to petitioners' claims, the Court waives the seven-day period provided in Local Civil Rule 83.1 to effectuate a transfer to a different district.

SO ORDERED.

Dated:  April 16, 2020

GREGORY H. WOODS
United States District Judge